1
2
3
4                      **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF NEVADA**

6                           **RENO, NEVADA**

7
8
9   ROWAN RIEHM and KYLEE RIEHM,      )      3:10-CV-004-ECR-VPC
                                       )
10      Plaintiffs,                    )
                                       )
11  vs.                                )      <u>**ORDER**</u>
                                       )
12  COUNTRYWIDE HOME LOANS, INC., BANK )
    OF AMERICA, RECONTRUST COMPANY,    )
13  and MORTGAGE ELECTRONIC            )
    REGISTRATION SYSTEMS, INC., and    )
14  the FEDERAL NATIONAL MORTGAGE      )
    ASSOCIATION,                       )
15                                     )
        Defendants.                    )
16                                     )
                                       )
17  _____)

18       Plaintiffs' home has been foreclosed upon.  Defendants are

19  Countrywide Home Loans, Inc., now known as Bank of America,

20  Recontrust Company ("Recontrust"), Mortgage Electronic Registration

21  Systems, Inc. ("MERS") and Federal National Mortgage Association

22  ("FNMA").  Plaintiffs originally asserted seven claims for relief:

23  (1) wrongful foreclosure; (2) fraud in the inducement; (3)

24  conspiracy to commit fraud by creation, operation and use of the

25  MERS system; (4) conspiracy to commit wrongful foreclosure by

26  creation, operation and use of the MERS system; (5) unjust

27  enrichment; (6) relief requested: injunctive, reformation,

28

declaratory and quiet title and; (7) violation of Nev. Rev. Stat. §§ 107.080 and 645F.440.

Now pending are Defendants' motion to dismiss (#50) and Plaintiff's motion for leave to file an amended complaint (#51). The motions (## 50 and 51) are ripe, and we now rule on them.

## I. Factual and Procedural History

The allegations set forth in Plaintiffs' complaint are as follows: Plaintiffs purchased a home at 8660 Kelpie Court in Reno, Nevada on November 25, 2005, using borrowed funds. (Compl. ¶ 28 (#1-1).)  Sometime around December 2008, Plaintiffs began making monthly payments in amounts that were lower than the monthly payments owed.  (See id. ¶¶ 29-30.)  Although initially Bank of America accepted these reduced payments, Bank of America began refusing to accept the reduced payments in July 2009.  (Id. ¶ 34.) "ReconTrust Company purportedly recorded a Notice of Default and Election to Sell under Deed of Trust on March 30, 2009, while Bank of America was negotiating and taking payments from the Riehms and which Notice of Default was not mailed nor served upon the Riehms." (Id. ¶ 35.)  Plaintiffs' home was eventually sold to the FNMA.  (See id. ¶¶ 37.)  "Plaintiffs are subject to eviction from their home by a three day eviction notice which they received from the Federal National Mortgage Association."  (Id. ¶ 38.)

On December 4, 2009, Plaintiffs filed a complaint in Nevada state court.  (Compl. (#1-1).)  On January 4, 2010, Defendants

1  removed the lawsuit to federal court, invoking our diversity
2  jurisdiction.  (Notice of Removal (#1).)

3       On May 13, 2010, this Court issued an Order (#29) granting in
4  part and denying in part Defendants Bank of America, Countrywide,
5  Federal National Mortgage Association ("FNMA"), Mortgage Electronic
6  Registration Systems, Inc. ("MERS"), and Recontrust's first motion
7  to dismiss (#12).  We granted Defendants' motion as to Plaintiffs'
8  second and fifth claims for relief and with respect to Plaintiffs'
9  seventh claim for relief to the extent that it alleges a violation
10 of Nev. Rev. Stat. ("NRS") § 645F.440.  We denied Defendants' motion
11 as to Plaintiffs' seventh claim for relief to the extent it alleges
12 a violation of NRS § 107.080.  We declined to rule on Plaintiffs'
13 first, third, and fourth claims for relief and parts of Plaintiffs'
14 second and fifth claims for relief as they involved the operation
15 and formation of Defendant MERS and were transferred to the Multi-
16 District Litigation ("MDL") Court in the District of Arizona.  We
17 further granted Plaintiffs' motion for preliminary injunction (#15),
18 having found that part of the seventh claim for relief alleging a
19 violation of NRS § 107.080 survived the motion to dismiss (#12).

20      On March 21, 2011, the MDL Court issued an Order (#46)
21 remanding claim seven, part of claim five, and parts of claim six
22 (injunctive relief, declaratory relief, and reformation) to this
23 Court.  The MDL Court retains jurisdiction over claims one, two,
24 three, four, part of claim five, part of claim six (injunctive
25 relief, declaratory relief, and quiet title).

26
27
28                                    3

On April 19, 2011, Defendants Bank of America, Countrywide, FNMA, MERS, and Recontrust filed a second motion to dismiss (#50). Plaintiffs responded (#51) on May 4, 2011, and Defendants replied (#54) on May 31, 2011.

## II. Discussion

**A. Defendants' Motion to Dismiss (#50)**

In their second motion to dismiss (#50), Defendants request the Court to re-dismiss the claims that we already dismissed (#29). In this regard, Defendants' motion (#50) is moot in asking the Court to dismiss claims that have already been dismissed. Plaintiffs' second and fifth claims for relief, and part of the seventh claim arising under NRS § 645F.440 remained dismissed.

Defendants further request that the Court "revisit" our ruling denying Defendants' previous motion to dismiss (#12) as to the part of Plaintiffs' seventh claim for relief arising under NRS § 107.080. Defendants' request would properly be brought as a motion pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), and the Court will therefore treat it as such. Pursuant to FRCP 60(b), a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

1    (6) any other reason that justifies relief.

2 Defendant does not put forth a proper basis pursuant to FRCP 60(b)

3 for the Court to reconsider its previous order (#29), but instead

4 seeks to re-litigate the issue.  Furthermore, the Court can find no

5 reason to vacate the previous order (#29) and will therefore decline

6 to "revisit" the issue in a redundant motion to dismiss (#50).

7    Finally, Defendants alternatively request the Court to grant

8 summary judgment on Plaintiffs' remaining claim arising under NRS §

9 107.080.  A district court may rely on materials outside the

10 pleadings if it treats the motion to dismiss as one for summary

11 judgment.  FED. R. CIV. P. 12(d); see United States v. Ritchie, 342

12 F.3d 903, 907 (9th Cir. 2003).  However, the non-moving party must

13 be given an opportunity to respond and submit its own evidence

14 tending to demonstrate a genuine issue of material fact.  Id.  As

15 such, it would be improper to rule on Defendants' motion (#50)

16 without giving Plaintiffs a chance to respond, and the Court will

17 direct Plaintiffs to do so.

18 **B. Plaintiffs' Request for Leave to Amend (#51)**

19    In their opposition (#51) to Defendants' motion to dismiss

20 (#50), Plaintiffs request the Court to grant leave to amend the

21 complaint.  Plaintiffs' request would properly be brought as a

22 motion pursuant to FRCP 15(a), and the Court will therefore treat it

23 as such.  Pursuant to FRCP 15(a)(2), leave to amend is to be "freely

24 given when justice so requires."  In general, amendment should be

25 allowed with "extreme liberality."  Owens v. Kaiser Found. Health

26 Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band

27

28                                    5

of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).
However, if factors such as undue delay, bad faith, dilatory motive,
undue prejudice, or futility of amendment are present, leave to
amend may properly be denied in the district court's discretion.
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th
Cir. 2003).  The futility analysis determines whether the proposed
amendment would survive a motion to dismiss pursuant to Rule
12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th
Cir. 1988).

Plaintiffs' proposed amended complaint presents the same claims
as the operative complaint in this case.  As such, amendment would
be futile: the claims within the jurisdiction of the MDL Court still
belong there, the claims we have dismissed would again not survive a
12(b)(6) motion, and the surviving claim arising under NRS § 107.080
remains and does not need to be added.  Accordingly, Plaintiff's
motion for leave to amend (#51) must be denied.

### III. Conclusion

Defendants' second motion to dismiss (#50) is redundant and
largely moot.  Defendants have provided no basis for their request
of the Court to "revisit" its prior ruling with regard to
Plaintiffs' remaining claim.  Further, to the extent that
Defendants' motion (#50) may be construed as a motion for summary
judgment pursuant to FRCP 56, Plaintiffs must be given a chance to
respond before the Court may rule.  Finally, it would be futile to
grant Plaintiffs leave to amend where they present the same claims
as their previous complaint.

1     **IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion to
2 dismiss (#50) is **DENIED**.

3     **IT IS FURTHER ORDERED** that Defendants' Rule 60(b) motion (#50)
4 is **DENIED**.

5     **IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen (#14)
6 days within which to respond to Defendants' motion for summary
7 judgment (#50).

8     **IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to
9 amend the complaint (#51) is **DENIED**.

10

11

12 DATED: January 20, 2012.

13

14                       UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    7