UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENO, NEVADA

| | | |
|---|---|---|
| ROWAN RIEHM and KYLEE RIEHM, | ) | 3:10-CV-004-ECR-VPC |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, RECONTRUST COMPANY, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and the FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) | |
| Defendants. | ) | |

Plaintiffs' home has been foreclosed upon. Defendants are Countrywide Home Loans, Inc., now known as Bank of America, Recontrust Company ("Recontrust"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal National Mortgage Association ("FNMA"). Plaintiffs originally asserted seven claims for relief: (1) wrongful foreclosure; (2) fraud in the inducement; (3) conspiracy to commit fraud by creation, operation and use of the MERS system; (4) conspiracy to commit wrongful foreclosure by creation, operation and use of the MERS system; (5) unjust enrichment; (6) relief requested: injunctive, reformation,

declaratory and quiet title and; (7) violation of Nev. Rev. Stat. §§ 107.080 and 645F.440.

Now pending are Defendants' motion to dismiss (#50) and Plaintiff's motion for leave to file an amended complaint (#51). The motions (## 50 and 51) are ripe, and we now rule on them.

## I. Factual and Procedural History

The allegations set forth in Plaintiffs' complaint are as follows: Plaintiffs purchased a home at 8660 Kelpie Court in Reno, Nevada on November 25, 2005, using borrowed funds. (Compl. ¶ 28 (#1-1).) Sometime around December 2008, Plaintiffs began making monthly payments in amounts that were lower than the monthly payments owed. (See id. ¶¶ 29-30.) Although initially Bank of America accepted these reduced payments, Bank of America began refusing to accept the reduced payments in July 2009. (Id. ¶ 34.) "ReconTrust Company purportedly recorded a Notice of Default and Election to Sell under Deed of Trust on March 30, 2009, while Bank of America was negotiating and taking payments from the Riehms and which Notice of Default was not mailed nor served upon the Riehms." (Id. ¶ 35.) Plaintiffs' home was eventually sold to the FNMA. (See id. ¶¶ 37.) "Plaintiffs are subject to eviction from their home by a three day eviction notice which they received from the Federal National Mortgage Association." (Id. ¶ 38.)

On December 4, 2009, Plaintiffs filed a complaint in Nevada state court. (Compl. (#1-1).) On January 4, 2010, Defendants

2

removed the lawsuit to federal court, invoking our diversity jurisdiction.  (Notice of Removal (#1).)

On May 13, 2010, this Court issued an Order (#29) granting in part and denying in part Defendants Bank of America, Countrywide, Federal National Mortgage Association ("FNMA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Recontrust's first motion to dismiss (#12).  We granted Defendants' motion as to Plaintiffs' second and fifth claims for relief and with respect to Plaintiffs' seventh claim for relief to the extent that it alleges a violation of Nev. Rev. Stat. ("NRS") § 645F.440.  We denied Defendants' motion as to Plaintiffs' seventh claim for relief to the extent it alleges a violation of NRS § 107.080.  We declined to rule on Plaintiffs' first, third, and fourth claims for relief and parts of Plaintiffs' second and fifth claims for relief as they involved the operation and formation of Defendant MERS and were transferred to the Multi-District Litigation ("MDL") Court in the District of Arizona.  We further granted Plaintiffs' motion for preliminary injunction (#15), having found that part of the seventh claim for relief alleging a violation of NRS § 107.080 survived the motion to dismiss (#12).

On March 21, 2011, the MDL Court issued an Order (#46) remanding claim seven, part of claim five, and parts of claim six (injunctive relief, declaratory relief, and reformation) to this Court.  The MDL Court retains jurisdiction over claims one, two, three, four, part of claim five, part of claim six (injunctive relief, declaratory relief, and quiet title).

3

On April 19, 2011, Defendants Bank of America, Countrywide, FNMA, MERS, and Recontrust filed a second motion to dismiss (#50). Plaintiffs responded (#51) on May 4, 2011, and Defendants replied (#54) on May 31, 2011.

## II. Discussion

### A. Defendants' Motion to Dismiss (#50)

In their second motion to dismiss (#50), Defendants request the Court to re-dismiss the claims that we already dismissed (#29). In this regard, Defendants' motion (#50) is moot in asking the Court to dismiss claims that have already been dismissed. Plaintiffs' second and fifth claims for relief, and part of the seventh claim arising under NRS § 645F.440 remained dismissed.

Defendants further request that the Court "revisit" our ruling denying Defendants' previous motion to dismiss (#12) as to the part of Plaintiffs' seventh claim for relief arising under NRS § 107.080. Defendants' request would properly be brought as a motion pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), and the Court will therefore treat it as such. Pursuant to FRCP 60(b), a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

(6) any other reason that justifies relief.

Defendant does not put forth a proper basis pursuant to FRCP 60(b) for the Court to reconsider its previous order (#29), but instead seeks to re-litigate the issue. Furthermore, the Court can find no reason to vacate the previous order (#29) and will therefore decline to "revisit" the issue in a redundant motion to dismiss (#50).

Finally, Defendants alternatively request the Court to grant summary judgment on Plaintiffs' remaining claim arising under NRS § 107.080. A district court may rely on materials outside the pleadings if it treats the motion to dismiss as one for summary judgment. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). However, the non-moving party must be given an opportunity to respond and submit its own evidence tending to demonstrate a genuine issue of material fact. Id. As such, it would be improper to rule on Defendants' motion (#50) without giving Plaintiffs a chance to respond, and the Court will direct Plaintiffs to do so.

**B. Plaintiffs' Request for Leave to Amend (#51)**

In their opposition (#51) to Defendants' motion to dismiss (#50), Plaintiffs request the Court to grant leave to amend the complaint. Plaintiffs' request would properly be brought as a motion pursuant to FRCP 15(a), and the Court will therefore treat it as such. Pursuant to FRCP 15(a)(2), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band

5

of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiffs' proposed amended complaint presents the same claims as the operative complaint in this case.  As such, amendment would be futile: the claims within the jurisdiction of the MDL Court still belong there, the claims we have dismissed would again not survive a 12(b)(6) motion, and the surviving claim arising under NRS § 107.080 remains and does not need to be added.  Accordingly, Plaintiff's motion for leave to amend (#51) must be denied.

### III. Conclusion

Defendants' second motion to dismiss (#50) is redundant and largely moot.  Defendants have provided no basis for their request of the Court to "revisit" its prior ruling with regard to Plaintiffs' remaining claim.  Further, to the extent that Defendants' motion (#50) may be construed as a motion for summary judgment pursuant to FRCP 56, Plaintiffs must be given a chance to respond before the Court may rule.  Finally, it would be futile to grant Plaintiffs leave to amend where they present the same claims as their previous complaint.

1 **IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion to
2 dismiss (#50) is **DENIED**.
3 **IT IS FURTHER ORDERED** that Defendants' Rule 60(b) motion (#50)
4 is **DENIED**.
5 **IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen (#14)
6 days within which to respond to Defendants' motion for summary
7 judgment (#50).
8 **IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to
9 amend the complaint (#51) is **DENIED**.

12 DATED: January 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

7