**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROWAN RIEHM and KYLEE RIEHM, )<br>     )<br>    Plaintiffs, )<br>     )<br>vs. )<br>     )<br>COUNTRYWIDE HOME LOANS, INC., BANK )<br>OF AMERICA, RECONTRUST COMPANY, )<br>MORTGAGE ELECTRONIC REGISTRATION )<br>SYSTEMS, INC., and the FEDERAL )<br>NATIONAL MORTGAGE ASSOCIATION, )<br>     )<br>    Defendants. )<br>     ) | 3:10-cv-00004-ECR-VPC<br><br>**ORDER** |

This case arises out of the foreclosure of Plaintiffs' home. Now pending is Defendants Bank of America, Countrywide Home Loans, Inc. ("Countrywide"), Federal National Mortgage Association ("FNMA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Recontrust Company's ("Recontrust") Motion for Summary Judgment (#50). The motion is ripe and we now rule on it.

**I. Factual Background**

On or about January 14, 2008, Plaintiffs borrowed $232,900.00 from Defendant Countrywide in order to finance the purchase of the property located at 8660 Kelpie Court, Reno, Nevada 89506. (Deed of Trust (#50-11).) The Deed of Trust lists Defendant Countrywide as the lender, Defendant Recontrust as the Trustee, and Defendant MERS

as the beneficiary and nominee of the lender. (Id.)  The Deed of Trust further provides that MERS, as nominee for the lender, has the right to exercise any or all interests including the right to foreclose and sell the property, and to take any action required of the lender. (Id.)  Defendant Bank of America is the successor in interest to Defendant Countrywide. (Compl. ¶ 2 (#1-2).)

Plaintiffs first defaulted on the loan with deficient payments in December 2008 and January 2009. (See Aff. Rowan & Kylee Riehm ¶ 2 (#51-11).  Defendant Recontrust recorded a Notice of Default and Election to Sell under Deed of Trust on March 30, 2009. (Notice of Default (#50-12).)  Plaintiffs stopped making payments altogether in April, 2009 and threw away a refinancing packet from Defendant Bank of America at the advice of the Mortgage Relief Law Center. (Aff. Rowan & Kylee Riehm ¶¶ 5-6.)  Recontrust subsequently recorded a Notice of Trustee's Sale on July 2, 2009, noticing a July 22, 2009 sale date. (Notice of Trustee's Sale (#50-13).)  Plaintiffs attempted to make deficient payments in July, August, and September, 2009, but Bank of America did not accept them. (Aff. Rowan & Kylee Riehm ¶ 7.)  Plaintiffs did not receive the Notice of Default, nor did they receive the Notice of Trustee's Sale. (Id. ¶ 9.)  The property was eventually sold at a Trustee's Sale on October 29, 2009 and reverted to Defendant FNMA. (Trustee's Deed Upon Sale (#50-14).)

2

**II. Procedural Background**

On December 4, 2009, Plaintiffs filed the Complaint (#1-2) in Nevada state court asserting the following seven causes of action: (1) wrongful foreclosure; (2) fraud in the inducement; (3) conspiracy to commit fraud by creation, operation and use of the MERS system; (4) conspiracy to commit wrongful foreclosure by creation, operation and use of the MERS system; (5) unjust enrichment; (6) relief requested: injunctive, reformation, declaratory and quiet title; and (7) violation of Nev. Rev. Stat. §§ 107.080 and 645F.440.  (Compl. (#1-2).)  On January 4, 2010, Defendants removed the lawsuit to federal court, invoking our diversity jurisdiction.  (Pet. Removal (#1).)

On May 13, 2010, we issued an Order (#29) granting in part and denying in part Defendants Bank of America, Countrywide, FNMA, and MERS' first Motion to Dismiss (#12).  We granted Defendants' motion as to Plaintiffs' second and fifth claims for relief and with respect to Plaintiffs' seventh claim for relief to the extent that it alleges a violation of Nev. Rev. Stat. ("NRS") § 645F.440.  We denied Defendants' motion as to Plaintiffs' seventh claim for relief to the extent that it alleges a violation of NRS § 107.080.  We declined to rule on Plaintiffs' first, third, and fourth claims for relief and parts of Plaintiffs' second and fifth claims for relief as they involved the operation and formation of Defendant MERS and were transferred to the Multi-District Litigation ("MDL") Court in the District of Arizona.  We further granted Plaintiffs' Motion for Preliminary Injunction (#15), having found that part of the seventh

1   claim for relief alleging a violation of NRS § 107.080 survived the
2   Motion to Dismiss (#12).

3         On March 21, 2011, the MDL Court issued an Order (#46)
4   remanding claim seven, part of claim five, and parts of claim six
5   (injunctive relief, declaratory relief, and reformation) to this
6   Court.  The MDL Court retains jurisdiction over claims one, two,
7   three, four, part of claim five, and part of claim six (injunctive
8   relief, declaratory relief, and quiet title).  Therefore the only
9   remaining claims in this Court include part of the sixth claim for
10  relief, and the part of the seventh claim for relief alleging a
11  violation of NRS § 107.080.

12        On January 20, 2012, we denied Defendants' second Motion to
13  Dismiss (#50), declining to "revisit" our prior Order (#29) denying
14  the first Motion to Dismiss (#12) as to the seventh claim for relief
15  pertaining to NRS § 107.080 and further declining to re-dismiss the
16  parts of Plaintiffs' second and fifth claims that remain within our
17  jurisdiction and the part of Plaintiff's seventh claim that alleges
18  a violation of NRS § 645F.440.  Further, since Defendants' second
19  Motion to Dismiss (#50) alternatively requested summary judgment
20  pursuant to Rule 56, we ordered that we would treat it as such and
21  ordered Plaintiffs to respond.  Plaintiffs submitted their
22  Opposition (#58) on February 10, 2012, and Defendants' filed their
23  Reply (#65) on March 15, 2012.

24
25
26
27
28                                       4

### III. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. <u>Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.</u>, 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, <u>Bagdadi v. Nazar</u>, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed. R. Civ. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 441 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form--namely, depositions, admissions, interrogatory answers, and affidavits--only

evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c); <u>Beyene v. Coleman Sec. Servs., Inc.</u>, 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof.  <u>Anderson</u>, 477 U.S. at 248.  Summary judgment is not proper if material factual issues exist for trial. <u>B.C. v. Plumas Unified Sch. Dist.</u>, 192 F.3d 1260, 1264 (9th Cir. 1999).  As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Disputes over irrelevant or unnecessary facts should not be considered.  <u>Id.</u>  Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law.  <u>Celotex</u>, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole.  <u>Id.</u>

## IV. Discussion

### A. Violation of Nev. Rev. Stat. § 107.080

We have already dismissed the portion of Plaintiff's seventh cause of action alleging a violation of NRS § 645F.440.  (<u>See</u> Order

at 9 (#29).)  We therefore turn to analyze Plaintiffs' allegations
that Defendants violated NRS § 107.080.  The Complaint (#1-2)
alleges that Defendants violated § 107.080 because

> Plaintiffs were not given notice of the default nor notice
> of the Trustee's sale and had no reason to believe that
> the Defendants had recorded a Notice of Default and Notice
> of Trustee's Sale since the Defendant Bank of
> America/Countrywide Home Loans was negotiating with them
> for a modification and was accepting payments on the loan.

(Compl. ¶ 123 (#1-2).)  Plaintiffs' Opposition (#58) further argues
that Defendants failed to provide sufficient proof that Defendants
mailed the required notices to Plaintiffs.  (Opp'n at 5-6 (#58).)

According to the statutes as they were in effect at the time of
the facts underlying these claims and at the time of the filing of
complaint, in order to foreclose on the borrower, the beneficiary,
successor in interest of the beneficiary, or the trustee must first
execute and cause to be recorded a notice of default.  NEV. REV.
STAT. § 107.080(2)(c).  The notice of default must then be mailed to
the borrower by registered or certified mail.  NEV. REV. STAT. §
107.080(3).  Three months after recording the notice of default, the
trustee must record a notice of sale and provide notice to the
borrower by personal service or by mailing the notice by registered
or certified mail to the last known address of the borrower.  NEV.
REV. STAT. § 107.080(4)(a).

Plaintiffs allege that the sale is invalid because they did not
receive the Notice of Default nor the Notice of Trustee's Sale.
Defendants have produced affidavits and declarations along with
evidence that the required forms were sent via certified mail in
support of their argument that the notices were sent to Plaintiffs.

7

1   (See Valadez Decl. (#65-1); Aff. of Mailing (#65-A); Certified Mail
2   (#65-B).)   Though Plaintiffs contend that they did not receive the
3   notices, Nevada law requires only that a trustee send the notices by
4   registered or certified mail, not that a trustee personally serve a
5   plaintiff or that plaintiff receives actual notice.   See Nev. Rev.
6   Stat. § 107.080(3); see also Gulamhussein v. Bank of Am., No. 2:10-
7   cv-01906-RLH-RJJ, 2011 WL 1431659, at *2 (D. Nev. Apr. 14, 2011)
8   (dismissing Plaintiff's wrongful foreclosure claim based on evidence
9   that Defendants mailed the appropriate documents); Hankins v. Adm'r
10  of Veterans Affairs, 555 P.2d 483, 484 ("Mailing of the notices is
11  all that [NRS § 107.080] requires.   Their mailing presumes that they
12  were received.   Actual notice is not necessary as long as the
13  statutory requirements are met.").

14      Here, Defendants' Affidavits of Mailing and copies of the
15  certified mail envelopes provide ample evidence that both the Notice
16  of Default and the Notice of Sale were sent to Plaintiffs via
17  certified mail on April 6, 2009 and July 1, 2009, respectively, as
18  required by the statute.   While Plaintiffs argue that the Affidavits
19  of Mailing are either inadmissible or are not conclusive proof of
20  mailing, the Nevada Supreme Court found in Hankins that affidavits
21  of mailing constitute proof that a foreclosing party mailed the
22  required notices and conformed with the requirements of NRS §
23  107.080.   555 P.2d at 484 ("The control card and affidavit of
24  mailing were properly admitted.   Personal knowledge of the custodian
25  of records is unnecessary so long as the record's authenticity and
26  use in the regularly conducted, normal course of business are
27
28                                  8

shown.").  As in <u>Hankins</u>, the Affidavits of Mailing in this case have been properly authenticated: the Declaration of Jorge Valadez, the Vice President of Recontrust who is personally familiar with the process for storing and retrieving Recontrust's affidavits of mailing, declares that they are used in the regularly conducted, normal course of business.  (See Valadez Decl. ¶¶ 2-5, 7.)  The certified mail envelopes are similarly authenticated.  (<u>Id.</u> ¶¶ 6-7.) Plaintiffs have provided no evidence to rebut Defendants' evidence that the required notices were mailed, and can only offer unpersuasive arguments that the document fields showing that these affidavits were re-printed in March, 2011 creates a genuine issue of material fact as to when the affidavits were created.  However, no reasonable juror could find on the basis of this evidence that the notices were not mailed on the dates that the Affidavits of Mailing provide, especially in light of the Valadez Declaration, which explains the March, 2011 re-printing date that appears on the Affidavits of Mailing.  (<u>Id.</u> ¶ 5.)  Moreover, the certified mail envelopes provide further proof left unrebutted by Plaintiffs. Plaintiffs have therefore failed to provide evidence sufficient to raise a genuine issue of material fact regarding the mailing of the notices.  Accordingly, this Court finds as a matter of law that the Notice of Default and the Notice of Sale were mailed to Plaintiffs as required by Nevada law, and Defendants are therefore entitled to summary judgment on Plaintiff's seventh cause of action alleging violation of NRS § 107.080.

9

**B.    Plaintiff's Sixth Cause of Action for Injunctive, Reformation, and Declaratory Relief**

The portion of Plaintiffs' sixth cause of action for injunctive, reformation, and declaratory relief[1] over which we have jurisdiction are not independent claims, but are prayers for relief dependent on Plaintiffs' allegation that Defendants violated NRS § 107.080.  Because we dismiss Plaintiffs' only remaining substantive claim, we dismiss the portion of Plaintiffs' sixth claim over which we retain jurisdiction.

**C. Preliminary Injunction**

Defendants' Motion for Summary Judgment (#50) also requests that the Court dissolve the Preliminary Injunction (#30) we entered on May 13, 2010.  We ordered the injunction "for the reasons stated in the order issued contemporaneously herewith." (Prelim. Inj. at 1 (#30).)  The contemporaneous Order (#29) wherein we granted Plaintiffs' Motion for a Preliminary Injunction (#15) provided that the injunction issued only as to Plaintiffs' claim for a violation of NRS § 107.080.  (Order at 10, 14 (#29).)  Accordingly, because we grant summary judgment on Plaintiffs' section 107.080 claim, we now dissolve the Preliminary Injunction (#30) we previously issued with regard to that claim.

**D. Lis Pendens**

Defendants' Motion for Summary Judgment (#50) contains a further request that the Court expunge the lis pendens recorded

---

[1] We do not have jurisdiction over the portion of the sixth claim seeking to quiet title - that remains with the MDL Court.  (See MDL Order (#46).)

10

against the property.   NRS § 14.010 allows a notice of pendency or a lis pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.   NEV. REV. STAT. § 14.010(2).   The purpose of a lis pendens is to give constructive notice to a purchaser of an affected property that an action is pending against the property.   See NEV. REV. STAT. § 14.010(3). Even though we have dismissed all pending claims in our jurisdiction with this Order, there are still claims pending in the MDL Court in the District of Arizona, Case No. CV-10-00703-PHX-JAT, MDL 09-02119-JAT, and any party seeking to purchase the subject property is entitled to notice of the pending action.   We are therefore without power to expunge the lis pendens at this time.

## V. Conclusion

Defendants are entitled to summary judgment on Plaintiffs' one remaining substantive claim in this Court for violation of NRS § 107.080.   The statute requires only that the required notices be mailed to the mortgage borrowers before a foreclosure and sale may proceed, not that the borrowers receive the notices.   Defendants have provided conclusive proof, in the form of Mailing Affidavits, certified mail envelopes, and a declaration by the Vice President of ReconTrust that the Notice of Default and the Notice of Sale were mailed to Plaintiffs, and Plaintiffs have provided no evidence sufficient to raise a genuine issue of material fact.   We therefore dismiss Plaintiffs' one remaining substantive claim and the prayers

11

1  for relief dependent on that claim.  We further dissolve the

2  Preliminary Injunction (#30) we issued with regard to the claim.  We

3  are, however, without power to expunge the lis pendens recorded

4  against the property while claims are still pending in the MDL

5  Court.

6

7       **IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion for

8  Summary Judgment (#50) is **GRANTED**.  All remaining claims within our

9  jurisdiction are **DISMISSED**.

10      **IT IS FURTHER ORDERED** that the Preliminary Injunction (#30)

11 issued on May 13, 2010 is **VACATED**.

12      **IT IS FURTHER ORDERED** that Defendants' request (#50) to expunge

13 the lis pendens is **DENIED**.

14      **IT IS FURTHER ORDERED** that the Clerk shall **CLOSE THIS ACTION**

15 **ADMINISTRATIVELY** pending disposition of the issues now being

16 considered by the MDL Court.

17

18

19 DATED: August 24, 2012.

20

21                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28                                     12